UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMARI ANDREWS,

    Petitioner,

v.                                     Case No. 2:21-cv-11372
                                             Honorable Linda V. Parker

JONATHAN HEMINGWAY,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS

### I. Introduction

Federal prisoner Omari Andrews ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is not being awarded good time credits under the First Step Act despite his participation in, and/or completion of, certain prison programs.

Promptly after the filing of a habeas petition, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D.

Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the habeas petition must be dismissed without prejudice.

## II. Discussion

As stated, Petitioner seeks habeas relief under § 2241 on the ground that he is not being awarded good time credits for his participation in, and/or completion of, certain prison programs. It is well-settled that federal prisoners must exhaust their administrative remedies before filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334-36 (1992); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). Exhaustion is an affirmative defense, and a district court may not dismiss a § 2241 petition at the screening stage for failure to plead exhaustion or to

2

attach exhibits with proof of exhaustion. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Nevertheless, a district court may sua sponte summarily dismiss such a petition on exhaustion grounds where a petitioner's failure to exhaust is apparent on the face of the pleading itself. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (civil rights case); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, *2 (6th Cir. Dec. 11, 2020) (denying a certificate of appealability where the district court summarily dismissed a § 2254 petition on exhaustion grounds); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, *1 (6th Cir. July 17, 2017) (citing *Corey v. Daniels*, 626 F. App'x 414, 415 (4th Cir. 2015); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010), and affirming summary dismissal of § 2241 petition on exhaustion grounds).

Petitioner admits that he has not exhausted administrative remedies, but asserts that exhaustion is futile because he cannot get forms at the prison. (ECF No. 1 at Pg ID 2, 3.) While a prisoner's failure to exhaust may be excused if administrative remedies are not reasonably available, the Sixth Circuit requires a prisoner to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (internal quotations

3

and citations omitted) (discussing exhaustion under the PLRA). The Sixth Circuit has "consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances, but in each case the prisoner did something." *Id.* at 224. A prisoner's subjective belief that a procedure is ineffective or futile is not enough to excuse exhaustion. *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006).

The Bureau of Prisons has a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden's response, he can file a BP-10 Form to appeal to the Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, he can use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

In this case, Petitioner fails to show that he made an affirmative effort to exhaust administrative remedies. He merely asserts that the prison "does not make administrative remedies available to inmates, and systemically denies these forms, specifically F-unit counselor." (ECF No. 1 at Pg ID 12.) He does not explain what steps, if any, he took to obtain any necessary forms, to file a

4

handwritten request or grievance, or to otherwise exhaust administrative remedies. His conclusory allegation that he cannot get forms at the prison is insufficient to show that exhaustion of administrative remedies is unavailable or futile. *See, e.g., Otero v. Dove*, No. 93-6633, 1994 WL 175771 (6th Cir. May 9, 1994) (affirming summary dismissal of § 2241 petition where federal prisoner did not attempt to exhaust administrative remedies); *Bey v. Pearson*, No. 06-2491, 2007 WL 148775, *2 (W.D. Tenn. Jan. 9, 2007) (ruling that conclusory allegation of futility was insufficient to excuse exhaustion and dismissing § 2241 petition); *see also Thetford Prop. IV Ltd. P'ship v. United States Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990) (explaining that allowing a petitioner to avoid the administrative process based on a mere conclusory assertion "would allow the futility exception to swallow the exhaustion rule"); *Wright v. Warden, FCI–Cumberland*, No. 10-671, 2010 WL 1258181, *1 (D. Md. Mar. 24, 2010) (citing *Thetford* in dismissing § 2241 petition on exhaustion grounds).

The Court notes that Petitioner attaches one email to the warden (dated April 11, 2021) as an exhibit to his petition in which he asks how he can get good time credit for his First Step Act classes. (ECF No. 1 at Pg ID 26.) Petitioner, however, does not indicate whether he received a response to that email, nor does he indicate that he actually made a specific request for good time credits before

5

filing his habeas petition (dated May 19, 2021). Even if Petitioner's email to the warden could be construed as complaining about not receiving good time credits, he did not exhaust his administrative remedies. He fails to allege facts which show that he attempted to follow established administrative procedures to obtain good time credits or that he actually requested, but was denied, the necessary forms to do so. Because Petitioner has not exhausted administrative remedies, his habeas petition is premature. He must fully exhaust, or at least attempt to fully exhaust, administrative remedies before seeking habeas relief under 28 U.S.C. § 2241.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted administrative remedies as to his habeas claims and fails to show that doing so would be futile. His claims are prematurely brought under 28 U.S.C. § 2241 and therefore are being dismissed. Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner thus need not request one from this Court or the Sixth Circuit should he seek to appeal.

Accordingly,

**IT IS ORDERED** that the habeas petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 4, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 4, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
